JUSTICE NELSON
dissents.
¶26 I respectfully suggest that the Legislature and our existing case law have already answered the issue before us.
¶27 Section 28-3-601, MCA provides:
Time of performance when not specified. If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly (for example, if it consists in the payment of money only), it must be performed immediately upon the thing to be done being exactly ascertained. (Emphasis added).
¶28 Absent the parties agreeing to a specific date of payment of the settlement then, under this statute, the payment of the settlement is due and payable “immediately”-i.e, as soon as settlement is reached. ¶29 That begs the question: “When is there a settlement?” This Court’s decision in Hetherington v. Ford Motor Co. (1993), 257 Mont. 395, 849 P.2d 1039, provides the answer. In Hetherington, we held that a settlement “agreement is binding if made by an unconditional offer, and accepted unconditionally.” Hetherington, 257 Mont. at 399, 849 P.2d at 1042.
¶30 Importantly, the Hetherington Court ruled that settlement did not require a written, signed agreement or written, signed release to be binding. Specifically, the Court stated:
The intentions of the parties are those disclosed and agreed to in the course of negotiations. A party’s latent intention not to be bound does not prevent the formation of a binding contract. Such a condition, that it will not he effective until signed, must he part of the agreement between the parties. See Hanson v. Oljar (1988), 231 Mont. 272, 277, 752 P.2d 187, 190; Hunt v. S Y Cattle Co. (1926), 75 Mont. 594, 606, 609, 244 P. 480. (Emphasis added).
Hetherington, 257 Mont. at 399, 849 P.2d at 1042.
¶31 The dispositive facts of the instant case and those of Hetherington track precisely. In Hetherington, “the material elements of the settlement agreement were two: (1) [t]he amount of settlement, $185,000; and (2) [t]he release of all claims.” Hetherington, 257 Mont. *226 at 400, 849 P.2d at 1043. As the Court stated: “[s]uch material elements are capable of being carried into effect and will not violate the intentions of the parties .’’ Hetherington, 257 Mont. at 400, 849 P.2d at 1043. Similarly, in the case at bar the terms of the settlement agreement are undisputed. Champion agreed to pay Dambrowski $80,000 and Dambrowski agreed to sign a standard release of claims form. Under Hetherington, settlement occurred at that point-there was an unconditional offer of settlement which was accepted unconditionally.
¶32 Since there was no agreement as to a date for the payment (performance) of the settlement and since the payment of money is involved, § 28-3-601, MCA, requires the payment to be performed “immediately”-i.e., on the date of settlement. And, the fact that there was no written, signed settlement agreement or written signed release is of no consequence under Hetherington. (Moreover it is absolutely of no consequence that Champion couldn’t figure out which account to take the settlement money from-that is its problem entirely).
¶33 The resolution of the issue on appeal is simple. It involves nothing more than applying § 28-3-601, MCA and Hetherington. Since there was no agreement as to when the settlement would be performed (paid), this statute and our decision require that payment be made on the date of settlement. On that date-here March 3, 2001-Dambrowski’s right to recover the settlement sum became vested and, under § 27-1-211, MCA, he was entitled to interest on the settlement sum from and after that date.
¶34 There is no reason for this Court to impose a “reasonableness” requirement on the time for payment of the settlement here. Moreover, if the majority approach is going to be the rule henceforth, then the Court should overrule Hetherington, as that decision is inconsistent with the majority’s holding. However, since the majority refuse to do that the wary practitioner will now be well advised to secure during settlement negotiations agreement as to: (a) the point at which the settlement negotiations become enforceable-i.e., on oral agreement as under Hetherington, only when the agreement is reduced to writing and executed, or only on the occurrence of other conditions precedent; (b) the date on which payment will be made and any conditions precedent to payment; and (c) the date on and rate at which interest will begin to accrue in favor of the party being paid. Indeed, hereafter, one might be well advised to conduct settlement negotiations by letter so that a record of the negotiations and agreements, or lack thereof, will be preserved.
*227 ¶35 I would opt for a much simpler rule and one based on the law as it already exists. Here, the parties could have agreed as to when the settlement payment was to be made. Since they did not, the existing statutory and jurisprudential default scheme controls.
¶36 I would adopt that rule and would require Champion to pay Dambrowski interest from and after March 3,2001.1 dissent from our failure to do so.